[Civ. No. 3807.  First Appellate District, Division Two.—September 7, 1921.]

## F. A. COOPER, Respondent, v. S. VUCINICH, Appellant.

[1] APPEAL—CONFLICT OF EVIDENCE—FINDINGS.—Findings will not be disturbed on appeal for a mere conflict in the evidence.

[2] NEGLIGENCE — COLLISION OF AUTOTRUCK AND JITNEY BUS — CONTRIBUTORY NEGLIGENCE—EVIDENCE—QUESTION OF FACT.—In this action for damages for injury to person and property resulting from a collision between an automobile truck owned and operated by the plaintiff and a jitney bus belonging to the defendant and operated through his agent, the evidence fails to show that plaintiff was guilty of contributory negligence as a matter of law.

APPEAL from a judgment of the Superior Court of Alameda County.  T. W. Harris, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Rose, Silverstein & Collier for Appellant.

Dixon L. Phillips and Esther B. Phillips for Respondent.

NOURSE, J.—This is an action for damages for injuries to person and property resulting from a collision between an automobile truck owned and operated by plaintiff and a seven-passenger touring car belonging to defendant and operated by him, through his agent, as a jitney bus.  The collision occurred September 14, 1919, at the southwest corner of the intersection of Castro and Seventh Streets, in the city of Oakland.  Judgment was rendered in favor of plaintiff for the sum of $500.  Defendant appeals, attacking certain findings, as not supported by the evidence, to the effect that plaintiff was not guilty of contributory negligence, but was driving carefully on the right-hand side of Castro Street and that defendant was negligent, which negligence was the cause of the damage.

Defendant states: "Our sole contention of plaintiff's contributory negligence is based upon the fact testified to by him that when he reached the intersection of Seventh and Castro Streets he came almost to a stop and then proceeded to cross Seventh Street at a rate of approxi-

mately seven miles per hour directly in the path of the jitney automobile.'' He argues from this that when he (plaintiff) came almost to a stop the driver of the jitney was entitled to assume that the truck was stopping to allow him to pass and to continue on his course along Seventh Street; that when instead of stopping the truck proceeded to slowly cross Seventh Street, the emergency then arising necessitated the driver of the jitney to turn to the south (his left) side of the street in an effort to pass in front of the truck and avoid a collision, because the north side was blocked by the truck (which was fifteen feet long), and to continue on his course between the tracks would place him in the direct path of the truck; that when the jitney swerved to the south side to pass in front of the truck the driver of the truck had ample opportunity to stop it and avoid the collision, and his failure to do so amounted to negligence.

[1] The findings referred to will not, of course, be disturbed on appeal for a mere conflict in the evidence. The question raised by defendant is whether the evidence relied on constitutes negligence on the part of plaintiff as a matter of law.

Castro Street extends in a general northerly and southerly direction and Seventh Street extends in a general easterly and westerly direction. Seventh Street is sixty feet wide. Two sets of railroad tracks of the Southern Pacific Co. run along the middle parallel with the curb. The distance between each curb and the outer rail of the track is twenty feet, the track is five feet wide and the space between the two tracks ten feet. The truck was traveling slowly in a southerly direction on the west or right-hand side of Castro Street. Plaintiff's version of the circumstances leading up to the accident was that just as he went on Seventh Street he came almost to a stop, slowing down to between six or eight or eight or ten miles an hour, and proceeded at that rate to cross Seventh Street; that he looked to see that the way was clear and when he was just going on the first rail of the northerly track he saw the jitney, about 150 feet away in the space between the two sets of tracks, coming toward him; that when he was just crossing the second or southerly track he looked up and saw it about fifty or sixty feet away, trav-

eling at least forty-five or fifty miles an hour, and just as the truck left this track the bus swung toward the south or left side to pass in front of the truck, striking it a glancing blow on the left side near the front, swinging the truck around and hurling its occupants to the pavement, causing the injuries complained of. The jitney continued to the next corner on the left-hand side of Seventh Street before stopping. There was no obstruction on the north side of Seventh Street and it was in good repair.

[2]  The rule as to the care which the driver of a vehicle must use before crossing a railroad is well established. An omission to slow down upon entering this street might well have been a breach of duty amounting to negligence. The truck being on defendant's right as the vehicles approached the intersection, plaintiff, *prima facie,* had the right of way under section 20 (e) of the Motor Vehicle Act. (Deering's General Laws, p. 931.) That plaintiff did not act negligently in this matter, but acted with care and caution, seems to be a reasonable interpretation of the evidence. On the other hand, the evidence shows that defendant was violating the law as to speed and that he himself produced the emergency complained of; that he then turned to his left side of Seventh Street at its intersection with Castro Street, although the road to the right was clear, passed in front of the truck, striking it in passing, and traveled to the corner beyond on that side of the street before stopping. This is in accordance with the finding that he was traveling "along the south side of Seventh Street at its intersection with said Castro Street."

The findings are amply supported by the evidence and the judgment is affirmed.

Langdon, P. J., and Sturtevant, J., concurred.